

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-29-2003

# R.C. v. Union Twp Bd Ed

Precedential or Non-Precedential: Non-Precedential

Docket 00-2264

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"R.C. v. Union Twp Bd Ed" (2003). *2003 Decisions.* Paper 853.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/853

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 00-2264

———————

R.C.,

Appellant

v.

UNION TOWNSHIP BOARD OF EDUCATION; JAMES CAUFIELD,
Superintendent; ROBERT BERGEN, Assistant Superintendent;
GUY BARBATO, Assistant Superintendent; CAROL REYNOLDS,
Child Study Team Director; RUBY BASKERVILLE, Social Worker;
MARY CAPRIGLIONE, LDTC; THERESA LAURENCE, Guidance Counselor;
RONALD FREIDBERG, School Psychologist; SAMUEL FORTUNATO, Principal;
RINA BROYER, Chemistry Teacher; DR. JAEGER, Chairperson of Chemistry
Department Defendants, as Municipal Entity, as Governmental
Employees and in their Individual Capacity; THEODORE JAKUBOWSKI;
KATHLEEN FRENCH, Learning Disability Teacher Consultant; FREEMAN,
responsible for implementing transition programs

v.

UNION TOWNSHIP BOARD OF EDUCATION; JAMES CAUFIELD;
ROBERT BERGEN; GUY BARBATO; CAROL REYNOLDS;
RUBY BASKERVILLE; MARY CAPRIGLIONE;
THERESA LAURENCE; RONALD FREIDBERG; SAMUEL FORTUNATO;
RINA BROYER; DR. JAEGER,

Third Party Plaintiffs

v.

HELENE CARO,

Third Party Defendant

———————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

D.C. Civil No. 94-cv-01068

District Judge: The Honorable Katharine S. Hayden

———————

Argued January 10, 2003

———————

Before: SCIRICA, BARRY, and SMITH, <u>Circuit Judges</u>

(Opinion Filed: January 28, 2003)

———————

Rebecca K. Spar, Esquire (Argued)
Cole, Schotz, Meisel, Forman & Leonard
25 Main Street
P.O. Box 800
Hackensack, NJ 07601

<u>Attorney for Appellant</u>

Howard J. Schwartz, Esquire (Argued)
Schwartz, Barkin & Mitchell
1110 Springfield Road
P.O. Box 1339
Union, NJ 07083-1339

<u>Attorney for Appellees</u>

———————

OPINION

———————

<u>PER CURIAM</u>

Plaintiff R.C. appeals the District Court's grant of summary judgment in favor of the

Union Township Board of Education and fourteen of its employees. R.C., in a 72 count

Second Amended Complaint, alleged violations of his rights under the Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and the due process and equal protection clauses of the Constitution fo the United States. He brought his claims both directly and under 42 U.S.C. §§ 1983 and 1985. Because R.C. was an older high school student when he filed suit in 1994 (and is now a 29 year old man), he has limited the relief he seeks under the plethora of statutes he invokes to compensatory and punitive damages. We have jurisdiction under 28 U.S.C. § 1291.

The parties and the District Court are intimately familiar with the lengthy history of this case, a history that began in the late-1980's and culminated in the decision of the District Court we are now called upon to review. It would, therefore, serve no useful purpose to summarize that history or the numerous ways in which R.C. alleges that error was committed. Suffice it to say, we have reviewed with great care the extensive record in this case, the decision of the District Court, and the contentions of the parties on appeal. Our review convinces us that for substantially the reasons set forth by the District court in its oral opinion of June 26, 2000 and Order of June 29, 2000, the Order of the District Court will be affirmed.